Case 4:25-cv-05777   Document 10   Filed on 12/24/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARVIN ASDRUAL DIAZ-ZELAYA,  §  §  §  Petitioner,  §  § v.  § GRANT DICKEY, Warden of the  § Montgomery Processing Center, *et al.*,  §  §  Respondents.  § | CIVIL ACTION NO. H-25-5777 |

**ORDER**

The petitioner, Marvin Asdrual Diaz-Zelaya, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Diaz-Zelaya's petition, (Docket Entry No. 1), and denies the motion to dismiss. (Docket Entry No. 7). Diaz-Zelaya's ex parte motion for a temporary restraining order is denied as moot. (Docket Entry No. 2).

As this court and other courts have articulated in numerous decisions, Diaz-Zelaya is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2).[1] *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v.*

---

[1] Diaz-Zelaya's petition speculates that he is being held indefinitely in violation of 8 U.S.C. § 1231, not 8 U.S.C. § 1226(a). (Docket Entry No. 1 at 5–6). However, the government's motion to dismiss clarifies that he is being detained under the government's current interpretation of 8 U.S.C. § 1225(b)(2). (*See generally* Docket Entry No. 7).

*Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z.  The court also notes that a district court in the Central District of California certified a class of petitioners similarly situated to Diaz-Zelaya and granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Diaz-Zelaya's position.  *See, e.g.*, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).[2]  The court has found no reason to depart from its prior decisions or the decisions of dozens of other courts.[3]

---

[2] Because there is a certified class but no class judgment, the district court's rulings in that case do not have preclusive effect in this litigation.  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011).  But "[u]nder the law of the case doctrine, courts will show deference to decisions already made in [a] case they are presiding over."  *Abecassis v. Wyatt*, 7 F. Supp. 3d 668, 671 (S.D. Tex. 2014).  "Federal courts" are still "expect[ed] . . . to apply principles of comity to each other's . . . decisions when addressing a common dispute."  *Bayer*, 564 U.S. at 317.  A class has been certified, Diaz-Zelaya is part of that class, and the class-action court expressly "extend[ed]" its ruling on the named petitioner's "declaratory relief" to the class "as a whole."  *Maldonado Bautista*, 2025 WL 3288403, at *9.  "This court owes comity to the class-actions court's rulings on the common issues."  *Arellano v. Bondi*, No. 25-5454, ECF No. 13 at 4 (S.D. Tex. Dec. 9, 2025).

[3] The court rejects the respondents' other challenges to the habeas petition.  As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.  That Diaz-Zelaya has not yet requested bond does not change this court's conclusions as to exhaustion and the appropriate relief.  *See Flores Perez v. Noem*, No. 2:25-cv-2920, 2025 WL 3532430, at *3 (N.D. Tex. Nov. 14, 2025), *report and recommendation adopted*, 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025).

The respondents must provide Diaz-Zelaya with a bond hearing under § 1226(a) by December 31, 2025, or release him.[4]  The parties are to update the court on the status of his bond hearing no later than January 5, 2026.

SIGNED on December 24, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[4] Diaz-Zelaya asks that the court direct the respondents to release him, among other requests for relief.  (Docket Entry No. 1 at 8).  The court concludes that ordering the respondents to provide a bond hearing, rather than immediate release, is the proper outcome.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *4.  Federal courts have "broad discretion" in fashioning appropriate habeas relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).